# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAR E. PLUNKETT, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 19-cv-655-NJR |
| WILLIAM TRUE, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Jamar E. Plunkett, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at U.S. Penitentiary Marion ("USP Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 in order to challenge his enhanced sentence as a career offender in *United States v. Plunkett*, Case No. 13-cv-30003-MJR (S.D. Ill.) ("Criminal Case") based on his prior drug conviction in Illinois. (Doc. 1). In support of his Petition, he relies on the Supreme Court's decision in *Mathis v. United States*, -- U.S. --, 136 S.Ct. 2243 (2016). He argues that, in light of *Mathis*, he should not have been subject to the career offender enhancement under the United States Sentencing Guidelines. Plunkett seeks a new sentence. (*Id.* at p. 32).

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

## Background

In 2013, Plunkett pled guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). (Doc. 32, Criminal Case). He was sentenced as a career offender (*see* U.S.S.G. §4B1.1) to 212 months' imprisonment. (Doc. 47, Criminal Case). Plunkett qualified as a career offender based on a prior conviction of possession of a controlled substance with the intent to distribute which qualified as a controlled substance offense under U.S.S.G. §4B1.1. Plunkett agreed in his plea agreement that he qualified as a career offender. (Doc. 33, Criminal Case). The plea agreement contained a waiver of the right to bring an appeal and collateral attack of Plunkett's conviction and sentence, except as to any subsequent change in the interpretation of the law that is declared retroactive by the courts and renders Defendant actually innocent of the charges and appeals based on Sentencing Guidelines amendments that are made retroactive. (*Id.*). Plunkett did not appeal his conviction or sentence.

Plunkett filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his counsel was ineffective for failing to object to his base offense level of 34 and for failing to file a direct appeal. *See Plunkett v. United States*, Case No. 15-cv-81-MJR, Doc. 38 ("Section 2255 Petition"). Plunkett later amended his petition to add an argument based on the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015). (Doc. 38, Section 2255 Petition). The petition was dismissed with prejudice on June 16, 2017 after the District Court determined that Plunkett's claims were foreclosed by his appeal waiver. (*Id.*). To the extent he added claims pursuant to *Johnson*, those claims were foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 866 (2017), which held that the guidelines

were not subject to vagueness challenges. (Doc. 38, p. 11, Section 2255 Petition). The instant Section 2241 Petition followed.

**The Petition**

Plunkett relies on the Supreme Court's decision in *Mathis* to challenge his designation and sentence as a career offender. He argues that his prior Illinois drug offense should not qualify as a felony drug offense because his prior conviction criminalizes a broader range of conduct than its federal counterpart, namely that Illinois' definition of "cocaine" is broader than the federal definition. (Doc. 1, pp. 19-29). He cites to the Seventh Circuit decision in *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018) and the Southern District of Indiana's decision in *Caffie v. Krueger*, Case No. 17-cv-487-WTL-DLP, Doc. 41 (S.D. Ind. Jan. 25, 2019) to support his position. Plunkett's career offender guideline range was 188 to 235 months. (Doc. 48, Criminal Case). Plunkett argues that his guideline range would be as low as 140-175 months without the career offender enhancement and with the reduction for his acceptance of responsibility. (Doc. 1, pp. 28-29). Plunkett's offense carried a statutory maximum penalty of not more than 20 years without the enhancement. *See* 21 U.S.C. 841(b)(1)(C). With the enhancement, the statutory maximum was not more than 30 years. *Id.*

**Analysis**

Under limited circumstances, a prisoner may challenge his federal conviction or sentence pursuant to 28 U.S.C. § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned

for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Following *Davenport*, a petitioner must satisfy three conditions in order to trigger the savings clause: (1) he must demonstrate that he relies on a new statutory interpretation case and not a constitutional case; (2) he must demonstrate that he relies on a decision that he could not have invoked in his first § 2255 motion and that case must apply retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Some errors can be raised on direct appeal, but not in a collateral attack pursuant to Sections 2255 or 2241. A claim that a defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. As the Seventh Circuit has noted, "[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for [Section] 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.". *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014); *see also Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). More recently, the Seventh Circuit reiterated that the Sentencing Guidelines have been advisory ever since the Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017).

The Guideline enhancement and sentencing range that applied to Plunkett was advisory, not mandatory, because he was sentenced in 2014, well after the *Booker* decision. *See United States v. Plunkett*, Case No. 13-cr-30003-MJR, Doc. 47 (S.D. Ill. Jan. 24, 2014) ("Criminal Case"). Plunkett received a sentence well within the statutory maximum as he received a sentence of 212

months and the non-enhanced statutory maximum was 20 years. *See* 21 U.S.C. §841(b)(1)(C); *see also* Criminal Case, Doc. 47, p. 2. Thus, Plunkett cannot demonstrate a miscarriage of justice so as to permit a Section 2241 petition. The savings clause affords Plunkett no relief.

The Court notes Plunkett's citation to *United States v. Elder*, 900 F.3d 491 (7th Cir. 2018) in support of his Petition. In *Elder*, the Seventh Circuit used the framework of *Mathis* (which refined the rule of *Taylor v. United States*, 495 U.S. 575 (1990)) to analyze 21 U.S.C. § 841(b)(1)(A)'s mechanism to enhance the mandatory minimum sentence of drug trafficking offenders with prior "felony drug offenses" as defined by the United States Code. *Elder*, 900 F.3d at 495–96. After applying the categorical approach of *Taylor* and *Mathis* to the Arizona statute at issue in the case, the *Elder* panel concluded that the Arizona statute criminalized the possession of more substances than those contained in the definition of "felony drug offense" at 21 U.S.C. § 802(44). *Id*. at 501–03. The Court finds, however, that the analysis and conclusion of *Elder* is distinguishable from this case—*Elder* was not decided in the context of the Guidelines, nor does it discuss or implicate the rule in *Hawkins* in any way. *Id*. at pp. 493–504. Even if the Court were to assume that Plunkett's prior Illinois convictions no longer pass muster under the categorical approach employed in *Mathis* and *Elder*, *Hawkins* would still dictate that there was no "fundamental defect" sufficient to meet Section 2255(e)'s savings clause because his sentence was imposed pursuant to the advisory Guidelines, and it was within the statutory range for his offense. Further, the Southern District of Indiana's decision in *Caffie* is not binding on this Court.

In short, there is no meaningful way to distinguish *Hawkins* from this case. The issue in *Hawkins* was the same as the issue raised here by Plunkett: the use of a prior conviction that would allegedly no longer qualify as a predicate for a Guidelines enhancement under current law. In its supplemental opinion on denial of rehearing in *Hawkins*, the Seventh Circuit summarized its

5

holding: "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant had . . . been sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *Hawkins*, 724 F.3d at 916 (internal citations omitted). *Hawkins* remains binding precedent in this Circuit, and thus Plunkett's Petition must be dismissed.

## Disposition

For these reasons, Plunkett's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Plunkett wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Plunkett plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plunkett does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal. It is not necessary for Plunkett to

6

obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: 9/19/2019**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**