IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMAR E. PLUNKETT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>WILLIAM TRUE, )<br>)<br>Respondent. )<br>) | Case No. 19-cv-655-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Petitioner Jamar E. Plunkett's Motion to Reconsider Judgment, brought under Federal Rule of Civil Procedure 59(e). (Doc. 8). He challenges the September 19, 2019, dismissal of his Habeas Corpus Petition on preliminary review. (Doc. 4). Plunkett's motion was timely filed under Rule 59(e).

Plunkett was convicted following a guilty plea in this District and was sentenced in 2013 to a 212-month prison term. *United States v. Plunkett*, Case No. 13-cr-30003-MJR (S.D. Ill.) ("criminal case"). He premised his habeas corpus claim on *Mathis v. United States*, -- U.S. --, 136 S. Ct. 2243 (2016), arguing that after *Mathis*, his earlier Illinois state drug conviction no longer qualifies as a predicate crime to enhance his federal sentence. This Court dismissed his Petition, concluding that Plunkett's challenge was precluded by binding precedent set forth in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915, 916 (7th Cir. 2013), because his career-offender sentence was imposed pursuant to the advisory Sentencing Guidelines and did not exceed the non-enhanced statutory maximum of 20 years.

A motion under Rule 59(e) may only be granted if the movant shows there was a manifest error of law or fact or presents newly discovered evidence that could not have been discovered previously. *See, e.g.*, *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). Plunkett's motion fails to demonstrate any legal or factual error, and presents no grounds for alteration or amendment of the Judgment in this case.

Plunkett argues that the Court misconstrued or misunderstood his Petition as attacking his career-offender designation when in fact he was mounting "an outright attack on the prior Illinois convictions that were employed to raise his statutory sentencing range." (Doc. 8, p. 1). Before Plunkett pled guilty, the Government filed a Section 851 notice stating that Plunkett would be subject to an enhanced statutory penalty under 21 U.S.C. § 841(b)(1)(C) based on his 2008 state drug conviction. (Doc. 8, pp. 1-2; Doc. 23 in criminal case); *see* 21 U.S.C. § 851. Plunkett asserts that his Petition challenged the erroneous enhancement of his statutory maximum from 20 years to 30 years based on the prior state offense, which "inherently" raised his career offender Guideline level from 31 to 34. (Doc. 8, p. 3). He states the error "infected his entire plea negotiation" and without that mistake, he "would not have entered into his plea agreement." *Id.* He insists that he did not intend to challenge his career offender designation, which would be "folly" because even without the Illinois drug convictions, he still had two or more prior "crimes of violence." (Doc. 8, p. 4).

Plunkett's Petition did argue that the Section 851 notice improperly increased his statutory maximum to 30 years and thus influenced the career offender Guidelines – which raised his offense level to 34 and criminal history category to VI, resulting in a career offender Guideline range of

262-327 months. Absent the 851 enhancement, he claims, his offense level would have been 31 with a Guideline range of 188-235 months, further reduced to 140-175 months with his 3-point reduction for acceptance of responsibility. (Doc. 1, pp. 28-29).[1]

The Court understood the nature of Plunkett's challenge to the enhancement of the statutory maximum sentence he faced. But that was only part of the picture and relief is not warranted on that basis. Plunkett's final sentence was well within the 20-year maximum dictated by 21 U.S.C. § 841(b)(1)(C) *before* any enhancement was applied. *Hawkins* requires the Court to examine both the Guidelines range and the applicable statutory range, and in light of that precedent, Plunkett did not raise a viable habeas claim. His 212-month sentence still fell under the statutory 20-year limit, even though it may have been influenced by an advisory Guideline calculation that he argues was too high, or by the 30-year enhanced maximum.

Plunkett's argument that the allegedly improper increase in the statutory maximum from 20 to 30 years wrongfully infected the plea negotiations and influenced his decision to plead guilty, is without merit. That theory is foreclosed by *Brady v. United States*, 397 U.S. 742 (1970). In *Brady*, the Supreme Court stated that "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.* at 757 (guilty plea was valid even though later change in law meant that defendant would not have faced the death penalty as believed when he pled). Further, a defendant's mistake about his potential sentence does not invalidate a guilty plea. *See*

---

[1] The Presentence Report (PSR) in Plunkett's criminal case reflects that in his plea agreement, the parties agreed that his offense level began at 34 under the career offender Guideline in § 4B1.1(a), and was reduced by 3 points for acceptance of responsibility to a final level of 31. (Doc. 36, p. 3, in criminal case). His criminal history category was VI with or without the career offender designation. These calculations and the corresponding advisory range of 188-235 months are also set forth in the PSR at Doc. 36, pp. 6-18 & 25, in the criminal case.

*United States v. Redmond*, 667 F.3d 863, 872 (7th Cir. 2012); *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008). The plea agreement demonstrates that Plunkett agreed at the time with the Government's assessment that his Illinois drug conviction exposed him to a sentence of 188-235 months under Section 4B1.1(a) of the career offender Guidelines, and he admits in his motion that a challenge to his career offender status would have been futile. His 212-month sentence fell right in the middle of that advisory range.

Interestingly, while Plunkett's Rule 59(e) motion asserts that he would not have pled guilty if he had known the 30-year maximum sentence was not applicable to him, he never made this statement in the Petition. A Rule 59(e) motion is not an appropriate vehicle to present arguments that could have been presented before the challenged order or judgment was entered. *Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007). This tardy assertion is belied by the fact that Plunkett's plea deal still avoided the risk of the maximum 20-year (240-month) sentence he would have faced if the statutory enhancement had not applied. And even if Plunkett had included this claim, the Court's ruling would be the same in light of the above precedent.

Upon review of the record, the Court remains persuaded that its dismissal of the Habeas Petition with prejudice was correct. Therefore, Plunkett's Motion to Reconsider Judgment (Doc. 8) is **DENIED**.

Plunkett's filing of the Rule 59(e) motion (Doc. 8) suspended the deadline for him to appeal the dismissal of his case. Therefore, if he wishes to appeal the dismissal of his Habeas Petition, his notice of appeal must now be filed with this Court within 60 days of the date of *this* Order. FED. R. APP. P. 4(a)(1)(B) and 4(a)(4)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of

the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  June 22, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**